3:23-cv-05073-RSM

FILED LODGED RECEIVED

JAN 27 2023

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY DEPUTY

1/27/23 IFP received

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT WASHINGTON
AT TACOMA

LINDA L. VIVEIROS
Plaintiff,

vs.

CITY OF VANCOUVER, VANCOUVER POLICE DEPARTMENT, CLARK COUNTY AND CLARK COUNTY JAIL
Defendants.

NO.

COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

JURY DEMAND

INTRODUCTION

On January 28th, 2020, Plaintiff Linda L. Viveiros was in her home with her boyfriend whereas there was a verbal argument going on between the two. As Ms. Viveiros was in kitchen cutting vegetables, she exhibited suicidal ideation by taking the small knife and proceeded to make cuts upon her left wrist. Ms. Viveiros showed her boyfriend what she was doing and at this precise moment, Ms. Viveiros's Son entered the home and uncertain of what was happening called 911 but hung up immediately. 911 operators called Ms. Viveiros's Son back and dispatched police to Ms. Viveiros' home. THE Police in turn arrested Ms. Viveiros

Linda L Viveiros PRO-SE
4317 NE 66th Ave, Apt V244
Vancouver, WA 98661
360-600-6123

for using a Knife for her suisidal ideation. Ms. Viveiros suffers from Both mental and physical disabilities. The Vancouver Police delibrately ignored Ms. Viveiros disabilities on four different occasions while on scene and detaining and arresting Ms. Viveiros. The Vancouver Police proceeded to arrest Ms. Viveiros without any mental intervention, medical treatment and denied Ms. Viveiros her disability aid, e.g. her Knee brace upon her arrest. This discriminatory treatment from The Vancouver Police caused severe tramatic setback for Ms. Viveiros who had been under mental health care since 2016. The delibrate and discriminatory actions of the Vancouver Police has resulted in mental and physical harm which continued upon being arrested and incarcerated at the Clark County Jail. Clark County JAIL continued discriminatory treatment denying Ms. Viveiros her disabitity aid e.g. Knee brace and subjected Ms. Viveiros to excruciating pain for her duration of incarceration in the Clark County Jail.

Linda L. Viveiros PRO SE
4317 NE 66th Ave. Apt. V244
Vancouver, WA 98661
360-600-6123

This discriminatory treatment from the Vancouver Police and Clark county Jail has resulted in tramatic mental distress and anguish, physical pain with short and long-term damage and injury. Ms. Viveiros is in constant ongoing mental Health treatment For the discriminatory acts of the Vancouver Police and the Clark County Jail. City of Vancouver, Vancouver Police, Clark County and Clark County JAIL (collectively "Defendants") discriminated against Ms. Viveiros on the basis of disability in violation of title II of the Americans with Disabilities Act ("ADA") 42 U.S.C. § 12131 et seq, section 504 of the Rehabilitation Act ("section 504"), 29 U.S.C. § 794 and the Washington Law Against Discrimination ("WLAD") RCW § 49.60.010 et seq. The torturous conditions in which Ms. Viveiros was subjected to also violates the Fourteenth Amendment and Ms. Viveiros asserts a claim pursuant to 42 U.S.C. § 1983. Ms. Viveiros seeks declaratory relief damages Pro SE FEES and cost and any cost deemed just.

Linda L. Viveiros PRO SE
4317 NE 66th Ave. Apt 244
Vancouver WA 98661
360-600-6123

# 1. PARTIES

1. Plaintiff Linda L. Viveiros lives in Vancouver, Washington

2. Defendant City of Vancover is a political subdivision of the STAte of Washington that oversees the actions of the Vancouver Police department

3. Defendant Vancouver Police Department is a constituted body of persons empowered by the state of washington with the aim to enforce the law, to ensure the safety, health and possessions of citizens.

4. Defendant Clark County is A political subdivision of the State of Washington and runs the Clark County Jail.

5. Defendant Clark County Jail is an intake facility that houses pre-trial and locally sentenced individuals arrested in Clark County WA.

6. Defendants ("collectively") upon information and belief are the recipients of federal financial assistance

7. Defendants (collectively) were responsible for Ms. Viveiros's well-being while in custody and

Linda L. Viveiros pro SE
4317 NE 66th Ave. Apt V244
Vancouver, WA 98661
360-600-6123

detained from January 28, 2020 through January 29, 2020.

II. JURISDICTION AND VENUE

8. This court has jurisdiction pursuant to 28 U.S.C.§1331, which gives district courts original jurisdiction over civil actions arising in the Constitution, laws or treaties of the United States.

9. This court has jurisdiction pursuant to 28 U.S.C.§1343(a)(4), which gives district courts jurisdiction over actions to secure civil rights under Acts of Congress.

10. This court has jurisdiction pursuant to 28 U.S.C.§1367, which gives district courts supplemental jurisdiction over state law claims.

11. Venue is appropriate in this judicial district under 28 U.S.C.§1391 because the incidents that gave rise to Plaintiff's Complaint occurred in this district and Defendants reside within this district.

III. FACTUAL ALLEGATIONS

12. Linda L. Viveiros is a 55-year-old female who lives in the City of Vancouver, Washington.

13. Linda L. Viveiros has disabling knee

Linda L. Viveiros PRO-SE
4317 NE 66th Ave. Apt. V244
Vancouver, WA 98661
360-600-6123

conditions defined as physical impairments.

14. Linda L. Viveiros's disabling knee conditions require the use of knee braces for to support strength and pain Alleviation. at all times.

15. Linda L. Viveiros suffers from Post TRAMATIC Stress disorder (PTSD), SEVERE depression And anxiety which are defined as mental impairments.

16. Linda L. Viveiros seeks constant therapy with her Therapist on a regular and emergent basis when needed.

17. On January 28, 2020, Linda L. Viveiros WAS detained, put into custody.

18. Linda L. Viveiros repeatedly informed the 4 police officers who tackled her that she was disabled and has bad knees and that they were hurting her.

19. Vancouver police officers continued to handcuff Ms. Viveiros with visible cuts on left wrist.

20. Ms Viveiros was put into custody in the back of the patrol vehicle.

21. Ms. Viveiros requested that the

Linda L. Viveiros PRO SE
4317 NE 66th Ave, Apt V244
Vancouver, WA 98661
360-600-6123

police officers call her therapist.

22. The Vancouver police ignored Ms. Viveiros's repeated request to call her therapist.

23. While in custody in the back of the patrol vehicle, the police officers were inside of the home conducting their investigation.

24. During the investigation, Ms. Viveiros's boyfriend informed the police that Ms. Viveiros was more likely to hurt herself and that Ms. Viveiros had taken the knife across her arm.

25. Police officers returned to patrol vehicle where Ms. Viveiros was detained and in custody to remove metal handcuffs off of wrists and replaced handcuffs with rubber ones with total disregard of the cuts on Ms. Viveiros left wrist and boyfriends statement that Mrs. Viveiros took the knife across her arm.

26. Vancouver police proceeded to arrest Ms. Viveiros without any mental help intervention, or medical examination despite the fact that EMTs were on scene

27. When Ms. Viveiros learned she was being arrested, she ask the police to get her knee

Linda L. Viveiros - PRO SE
4317 NE 66th Ave. Apt V244
Vancouver, WA 98661
360-600-6123

brace which they denied her of.

28. Ms. Viveiros was transported to the Clark County Jail.

29. Upon intake at the jail, the police officer documented that Ms. Viveiros Spoke of suisidal ideation while she was being transported to the Clark County Jail.

30. The police still proceeded to arrest and book Ms. Viveiros into the Clark County Jail despite the fact that the police acknowledged Ms. Viveiros's Mental state.

31. Upon being booked inside the Clark County Jail, Ms. Viveiros INFORMED Jail STAFF that she was disabled AND NEEDED TWO Knee replacements.

32. Ms. Viveiros INFORMED Jail STAFF that the Vancouver police refused to let her bring her Knee brace.

33. Ms. Viveiros repeatedly ask to make a call to her therapist or see a therapist there in the jail.

34. Ms. Viveiros request were ignored.

35. Knowing Ms. Viveiros Knee conditions,

Linda L. Viveiros PRO SE
4317 NE 66th Ave. Apt. V244
Vancouver, WA 98661
360-600-6123

The Clark county Jail Staff placed Ms. Viveiros on the Second level of the housing unit.

36. Ms. Viveiros was placed at the farthest holding cell from where she had to walk up the stairs.

37. Ms. Viveiros Holding cell had an open top bunk only as the bottom bunk was occupied.

38. Ms. Viveiros had to subject herself to sitting, laying on the Floor because her Knee conditions limited her ability to climb onto top bunk.

39. Ms. Viveiros was given a medical screening, e.g. Blood pressure check upon booking. Ms. Viveiros Blood pressure was so high that it required immediate medical intervention.

40. Clark county Jail Staff waited three hours before giving Ms. Viveiros medication, putting her life at risk.

41. Clark county Jail Staff by their own documented records acknowledge that Ms. Viveiros high blood pressure could have deadly, worsening conditions, permanent disability or other consequenses.

Linda L. Viveiros PRO SE
4317 NE 66th Ave. Apt. V244
Vancouver WA. 98661
360-600-6123

42. On January 29, 2020 while being taken to the courtroom for first apperance with handcuffs and shackles on, Ms. Viveiros was subject to kneeling on her knees, facing the wall on a hard wooden bench.

43. Ms. Viveiros in excruciating pain by having to kneel on her knees which is detrimental to her knee conditions was begging to be able to move from that position.

44. Ms. Viveiros was forced to stay in that position for over 10 minutes

45. Ms. Viveiros request to call her therapist or see the jail therapist while she was detained inside the jail went ignored.

46. Ms. Viveiros was only allowed to see jail therapist when she was just about to be released from jail on her own recognizance.

47. Despite Ms. Viveiros release from jail, Her mental depression and anxiety manifested far greater than any experience she has had.

48. Defendants (collectively) inflicted delibrate pain, suffering and mental anguish on Ms. Viveiros and acted with malice and delibrate indifference

Linda L. Viveiros PRO SE
4317 NE 66th Ave. Apt. V244
Vancover WA 98661
360-600-6123

to Ms. Viveros's obvious suffering and pleas for help.

49. Ms. Viveiros suffered damages and continues to suffer damages as the result of defendant's (collectively) conduct.

FIRST CAUSE OF ACTION

Title II of the Americans with Disability Act of 1990
42 U.S.C. § 12131 et seq.

(Against Defendants City of Vancouver, Vancouver Police, Clark County, CLARK COUNTY JAIL)

50. Ms. Viveiros incorporates by reference the allegations in the paragraphs above.

51. The ADA was enacted on July 26, 1990, more than 30 years ago, in order to protect individuals with disabilities against discrimination.

52. Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity" 42 U.S.C. § 12132

53. Due to her disabling knee conditions and her mental health impairements, Ms. Viveiros is substantially limited in the major life activity of walking and daily functions.

Linda L. Viveiros PRO SE
4317 NE 66th Ave. Apt. V 244
Vancouver, WA 98661
360-600-6123

54. SHE IS therefore an individual with a disability within the meaning of the ADA. 42 U.S.C. § 12131.

55. Ms. Viveiros is a qualified individual with a disability under the meaning of Title II of the ADA, 42 U.S.C. § 12131(2) because she meets the essential eligibility requirements for the receipt of custody and incarceration SERVICES by Defendants.

56. Defendants are public entities under the meaning of Title II of the ADA as it is an "instrumentality of a State... or local government. 42 U.S.C. § 12131(1)(b).

57. Defendants illegally and intentionally discriminated against Ms. Viveiros, on the basis of her disabilities and in violation of Title II of the ADA, by denying her the basic SERVICES of custody and incarceration with accommodations for her disabilities.

58. A public entity must make "reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity." 28. C.F.R. § 35.130(b)(7)(i)

Linda L. Viveiros Pro SE
4317 NE 66th Ave. Apt V244
Vancouver, WA 98661
360-600-6123

59. As public entities, Defendants are required under the ADA to make modifications for persons with walking disabilities as well as mental Health care polices in order to accomadate Ms. Viveiros disabilities

60. By refusing to do so, Defendants discriminated against Ms. Viveiros on the basis of her disabilities by denying her use of her walking aid. e.g. brace and denial of Mental health evaluation crisis that the police and jail provides to similarily situated individuals without her disabilities, 28 C.F.R. §35.130(b)(1)(ii)

61. Defendants intentionally and delibrately discriminated against Ms. Viveiros on the basis of her disabities, in violation of Title II of the ADA and its implementing regulations.

62. Ms. Viveiros experienced harm as the result of discrimination including but not limited to severe depression, anxiety, torture and fear.

63. Ms. Viveiros is therefore entitled to monetary damages and an award of pro-se fees, costs and disbursements pursuant to the ADA, 42 U.S.C. § 12133

SECOND CAUSE OF ACTION
SECTION 504 OF the Rehabilitation Act of 1973

Linda L. Viveiros PRO SE
4317 NE 66th Ave. Apt V244
Vancouver, WA 98661
360-600-6123

29 U.S.C. § 794
(AGAINST ALL DEFENDANTS)

64. Ms. Viveiros incorporates by reference the allegations in the paragraphs above.

65. The Rehabilitation Act of 1973 was enacted in part to further a policy of promoting "respect for the privacy, rights, and equal access (including the use of accessible formats), of the individuals [with disabilities]" 29 U.S.C. § 701(c)(2)

66. Ms. Viveiros is limited in the major activity of walking and daily functions due to her disabling knee conditions and mental impairments.

67. At all times relevant to this action, Defendants were recipients of federal financial assistance.

68. Section 504 of the Rehabilitation Act provides that "no otherwise qualified individual with a disability ... shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity recieving Federal financial assistance" 29 U.S.C. § 794(a)

69. Mental health and walking accomadations

Linda L. Viveiros PRO SE
4312 NE 66th Ave. Apt V244
Vancouver, WA 98661
360-600-6123

is provided to other in custody and incarcerated individuals. Because of her Mental impairment disability requiring mental Health therapy. By denying Ms. Viveiros this necessary and reasonable accommodation while in custody and incarceration.

70. Use of Walking aids is provided to others in custody and incarceration. Ms. Viveiros cannot Walk, climb stairs without the use of Knee Braces

71. By denying Ms Viveiros these necessary and reasonable accommodations for her mental well being and walking accommodations, Defendants denied Ms. Viveiros the benefits of a program or activity recieving federal Financial assistance and discriminated against her in Violation of §504.

72. The criteria Defendants used to deny Ms. Viveiros access to mental health services and use of her Knee brace had the effect of Subjecting her to discrimination solely based on her disability.

73. THE Rehabilitation Act extends relief to "any person aggrieved" by discrimination in violation thereof. 29 U.S.C. § 794a(a)(2)

Linda L. Viveiros PRO SE
4317 NE 66th Ave. Apt. V244
Vancouver, WA 98661
360-600-6123

74. Defendants were informed At Multiple times of Ms. Viveros disabling Knee conditions and Mental Health status.

75. Defendants Knowledge came not only from Ms. Viveiros request but also communication with Ms. Viveiros's Family members As Well As the police officers themselves.

76. In spite of this Knowledge, Defendants intentionally denied Ms. Viveiros reasonable accommodation request, intentionally Failing to act to protect her rights.

77. Defendants intentionally discriminated against Ms. Viveiros, on the basis of disabilities, in violation of the Rehabilitation Act and its implementing regulations.

78. Ms. Viveiros suffered harm, severe depression and anxiety as the result of Defendants actions and inactions.

79. Ms. Viveiros is therefore entitled to damages and PRO SE FEES AND COST FOR THE INJURIES and loss sustained as a result of the Defendants discriminatory conduct and delibrate indifference as herein before alleged.

Linda L. Viveiros PRO SE
4317 NE 66th Ave. Apt. V244
Vancouver, WA 98661
360-600-6123

THIRD CAUSE OF ACTION

42 U.S.C. § 1983

(AGAINST ALL DEFENDANTS)

80. Ms. Viveiros incorporates by reference the allegations in the paragraphs above. The Fourteenth Amendment to the United States Constitution guarantees equal protection under the law.

81. Incarcerated and individuals in custody have a constitutional right to recieve and have access to adequate essentials including medically appropriate mental health intervention and use of disability aids for mobility.

82. Congress enacted 42 U.S.C. § 1983 to provide a remedy for constitutional violations.

83. The Failure of Defendants to provide adequate Mental Health intervention and use of disability aids for mobility caused the deprivation of Ms. Viveiros's rights and was the ultimate cause of Ms. Viveiros's injuries.

84. Defendants' acts and omissions resulted in the wanton and unnecessary infliction of pain on Ms. Viveiros.

85. Defendants were acting under the color

Linda L. Viveiros PRO SE
4317 NE 66th Ave. Apt V244
Vancouver, WA 98661
360-600-6123

of State law when they violated Ms. Viveiros constitutional rights.

86. Defendants acted with delibrate indifferene because they Knew or should have Known that Ms. Viveiros was in need of immediate mental intervention and required the use of a walking mobility aid and the Failure to provide her with such would result in Significant emotional and physical injuries to Ms. Viveiros, yet they Failed to provide her with any use of a aid or provide her with any mental health treatment or intervention.

87. Defendants have a custom of practice of not providing accommodations For disabilities.

88. Defendants custom or practice of not timely providing immediate mental health intervention, and complete denial of disability aids caused Ms. Viveiros's injuries.

89. Defendants acted with reckless or callous indifference to Ms. Viveiros's federally protected right to recieve immediate mental health care while in custody and incarceration. Defendants' Failure to provide immediate mental health services despite numerous request and physical injury to Ms. Viveiros's wrist,

Linda L. Viveiros PRO SE
4317 NE 66th Ave. Apt V244
Vancouver, WA 98661
360-600-6123

was malicious, wanton and oppressive, causing severe emotional and physical harm to Ms. Viveiros from the moment she was detained and in custody to when she was released from jail.

90. Ms. Viveiros suffered compensatory damages as a result of Defendants' conduct

FOURTH CAUSE OF ACTION

THE Washington Law Against Discrimination

R.C.W. §§ 49.60.010 et seq.

(Against Clark County, Clark County JAIL)

91. Ms. Viveiros incorporates by reference the allegations in the paragraphs above.

92. The Washington Law Against Discrimination ("WLAD") declares "The right to be free from discrimination because of... the presence of any sensory, mental, or physical disability... is reconized as and declared to be a civil Right. This right shall include, but not to be limited to... (b) The right to the full enjoyment of any of the accommodations, advantages, facilities, or privileges of any place of public resort, accommodation, assemblage or amusement... R.C.W. § 49.60.030(1)

93. Ms. Viveiros is an individual with disabilities



Linda L. Viveiros PRO SE
4317 NE 66th Ave. Apt V244
Vancouver, WA 98661
360-600-6123

within the meaning of the WLAD. R.C.W. § 49.60.040(7)(a)

94. Clark County Jail is a place" where medical service or care is made available" and is thus a place of public accommodation within the meaning of the WLAD. R.C.W. § 49.60.040(2). Clark County is subject because it operates the Clark County Jail which is in turn subject to the WLAD

95. Defendants discriminated against ms. Viveiros by not affording her full and equal access to mental health services because of her disabilities

96. Defendants provide effective accommodations and medical care to other individuals who are incarcerated without disabilities and therefore discriminated against Ms. Viveiros by failing to provide these effective services or treatment to Ms. Viveiros because of her disabilities.

97. Defendants intentionally discriminated against Ms. Viveiros by refusing to provide proper mental Health care and accommodations for a walking aid to ms. Viveiros during her incarceration, despite ms. Viveiros clear and repeated request for mental health intervention and the need for a walking aid.

98. As a direct and proximate cause of Defendants

Linda L. Viveiros PRO SE
4317 NE 66th Ave. Apt. V244
Vancouver, WA 98661
360-600-6123

discriminatory conduct as alleged in the Complaint, ms. Viveiros suffered Severe mental harm, emotional distress, physical harm and loss of dignity.

99. As a direct and proximate cause of defendants discriminatory conduct as alleged in this complaint, Ms. Viveiros suffered real out-of-pocket, monetary damages and mental and emotional distress.

FIFTH CAUSE OF ACTION

Negligence

(Against ALL Defendants)

100. Ms. Viveiros incorporates by reference the allegations in the paragraphs above.

101. On or about January 28, 2020, Ms. Viveiros was detained, put into Custody and incarcerated At Clark county Jail.

102. Between January 28, 2020 and January 29, 2020, Defendants negligently Failed to provide Ms. Viveiros with immediate medical intervention putting her life at Risk. Defendants Failed to give Ms. Viveiros immediate Mental health Intervention despite physical evidence of self harm. The Defendants criminalized Ms. Viveiros for a Mental Health crisis. The Defendants denied Ms.

Linda L. Viveiros PRO SE
4317 NE 66th Ave. Apt. V244
Vancouver, WA 98661
360-600-6123

VIVEIROS The use of her walking aid and willfully and Recklessly subjected Ms. Viveiros to torturous conditions.

103. As a direct and legal result of the negligence of the Defendants, Ms. Viveiros WAS injured in her health, strength, well being and activity, all of which injuries have caused and continue to cause extreme psychological damage, physical and emotional pain and suffering. As a result of these injuries, Ms. Viveiros has suffered general damages.

PRAYER FOR RELIEF

WHEREFORE, MS. Viveiros respectfully request this court:

1. Assume jurisdiction over this action;

2. Award Ms. Viveiros compensatory damages, including economic and noneconomic damages, damages for pain and suffering, sheer terror and in an amount to be proven at trial;

3. Award Ms. Viveiros reasonable Pro SE Fees and Costs pursuant to the Americans with Disabilities Act, the Rehabilitation Act of 1973, Section 1983 and the Washington Law against Discrimination and to the extent available under the law;

Linda L. Viveiros PRO SE
4317 NE 66th Ave. Apt V244
Vancouver, WA 98661
360-600-6123

4. Declare the Defendants jointly and severally liable;

5. Award any and all applicable interest on the judgement; and

6. Award such other and further relief as the Court deems just and equitable

JURY DEMAND

Trial by Jury demanded.

DATED THIS 27th day of January, 2023

BY:

LINDA L. VIVEIROS - PRO SE
4317 NE 66th Ave. Apt. V244
VANCOUVER, WA. 98661
lindaloraine67@gmail.com
Telephone: 360-600-6123

Linda L. Viveiros

Linda L. Viveiros PRO SE
4317 NE 66th Ave. Apt 244
Vancouver, WA 98661
360-600-6123