UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LINDA L. VIVEIROS,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF VANCOUVER, et al.,<br><br>Defendants. | Case No. C23-05073RSM<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |

This matter comes before the Court on Plaintiff Linda L. Viveiros's "Application for Court-Appointed Counsel," Dkt. #15. Plaintiff is currently proceeding *pro se*. Defendants have not filed a response to this Motion.

The Court will briefly summarize the allegations found in the Amended Complaint, Dkt. #6. On January 28, 2020, Plaintiff was in her home with her boyfriend when there was a verbal argument. Plaintiff alleges she was in the kitchen cutting vegetables when she "exhibited suicidal ideation by taking the small knife and proceeded to make cuts upon her left wrist." *Id*. at 1. At that moment Plaintiff's son entered the home, observed the scene, and called 911. The police showed up and arrested Plaintiff. Plaintiff alleges she suffers from both mental and physical disabilities, including bad knees. The Vancouver Police arrested Plaintiff

ORDER - 1

without mental intervention or treatment and did not allow her to bring along her knee brace. She alleges she endured pain during jail intake because of this, was forced to use an upper bunk at the jail despite her disability, and endured pain during her initial appearance by being forced to kneel. She was eventually allowed to see a jail therapist when she was just about to be released. She alleges that Defendants violated, *inter alia*, the ADA and Washington Law Against Discrimination, as well as the Fourteenth Amendment. She brings a claim under § 1983.

In civil cases, the appointment of counsel to a *pro se* litigant "is a privilege and not a right." *United States ex. Rel. Gardner v. Madden,* 352 F.2d 792, 793 (9th Cir. 1965) (citation omitted). "Appointment of counsel should be allowed only in exceptional cases." *Id.* (citing *Weller v. Dickson,* 314 F.2d 598 (9th Cir. 1963)). A court must consider together "both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look,* 718 F.2d 952, 954 (9th Cir. 1983). In "exceptional circumstances," a district court may appoint counsel for indigent civil litigants. 28 U.S.C. § 1915(e)(1); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998).

Plaintiff has presented coherent claims with numerous citations to applicable law. She appears to have a good understanding of these laws and the facts that would be necessary to support her claims. The Amended Complaint appears to demonstrate a capacity to proceed in this case *pro se*. The Court cannot conclude at this time whether Plaintiff's claims have a strong likelihood of success on the merits given the limited factual record. Plaintiff has otherwise failed to set forth exceptional circumstances. Given all of the above, the Court will deny the

ORDER - 2

requested relief at this time. The Court may revisit this issue in the future by granting Plaintiff leave to a second motion to appoint counsel.

Having considered the briefing from Plaintiff and the remainder of the record, the Court hereby FINDS and ORDERS that Plaintiff's Motion to Appoint Counsel, Dkt. #15, is DENIED.

DATED this 19th day of July, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 3